Judge Robertson
delivered the opinion of the court.
David and Benjamin Bell, were :partners in merchandise, at Columbia, Adair county. Benjamin attended to the concern in person; David lived in Danville. $776, were deposited in the 'Independent Bank, at Columbia, in (he name of Benjamin Bell. Creel was one of the directors, and debtors of said bank. A run being made upon the bank, which was beyond its means on hand, some of the directors and the cashier, consulted together, on the propriety of paying the deposit first. They were all in favor of giving preference to the deposit, except Creel. He urged the propriety, of sustaining the character of the bank, by meeting the call upon it, and stated, that the debt which he owed the bank, would be more than enough to pay Bell, and that he would pay his debt into bank, in a few days. He then went to see Bell, to obtain his consent, that his deposit might be used. He represented to Bell, that he owed the bank a debt, which he would pay in a few days, and prevailed on him to agree, that his deposit, might be used by the bank. It is proved, that Bell’s consent was obtained by assurances, and promises made to him by Creel; but the precise nature, or extent of the assurances or promises, is not proved, but their general effect, is left for inference.
Bell’s deposit, was accordingly used; shortly nffer which, the bank failed, and Bell has not received the whole amount of his deposit. For the deficit, this suit was brought in the name of the firm vs. Creel, alleging a promise by him, to pay the Bells their deposit, if they would suffer the bank to uso it. The *310 action is assumpsit. The declaration contains ten-counts; demurrers to all of which, except the two first, and two last, were sustained.
Unless verdict is without or palpably contrary to evidence, new trill should not be granted.
The jury found a verdict for the Bells, and Creel prosecutes this writ of error, to reverse the judgment of the court, on the verdict.
Three questions are presented by the assignment, of errors.
1st. Is the suit maintainable,in the names of David- and Benjamin Bell?
2d. Is there any evidence of a promise by Creel?
3d. If there he, is it not within the statute of frauds, and perjuries?
These questions arise on motions, for non-suit and new trial, made unsuccessfully, in the inferior court.
There are facts in the record, sufficient to authorize the belief, that the fund deposited, was the money of the mercantile firm, and therefore, the jury hada right to infer, that if any promise were made by Creel to B. Bell, it enured to the benefit of the concern. Such would be the legal effect of such a promise, to B. Bell, if the fund belonged to him, and D. Bell, jointly.
We should be inclined to the opinion, that no promise, direct, or inferential, was made by Creel, to B. Bell, to pay the amount of his deposit. Bell seemed not to have .released the bank. The bank had not released Creel from his debt, to it. It is most probable, that Bell agreed to Creel’s proposition, on the confidence which he felt, in the solvency of the bank, and in the punctual payment to it, by Creel, of the debt, which he owed it; and that there was no promise by Creel, to pay Bell. But there are circumstances, "from which it might be rationally, and perhaps rightly, inferred by a jurj', that Bell yielded his .deposit on a promise by Creel, to pay him the amount of it. And although the probabilities, may preponderate against this inference, yet the preponderance, is not so decisive, as to justify a new trial. There is not such a destitution of evidence, as to leave the verdict without evidence, or shew it to be palpably contrary to evidence. Therefore, on this ground, the *311 court did not err in overruling the motion for new trial
Promise by debtor to pay a debt, which his creditor owes, if founded on new consideration, is not within statute of frauds and perjuries.-
The jury then having found, that there was a promise, and their verdict being sustained by such facts, as wil) not permit it to he controlled by this court, the more important question arises, is the promise within the statute?
The promise in this case, (if there be one,) may not be, and we would suppose, is not within the statute. It was made with the approbation of the batik, to pay to the Bells, the debt which Creel owed the bank, in consideration, that they would not draw their deposit, but let the bank use it. Here is a new contract, on a distinct consideration. It is not a collateral undertaking, barely to pay the debt of the bank. It is an independent contract, to pay the creditors of the bank, the debt which Creel owed the bank. The consideration, is the use of the deposit on one side, and the debt due by Creel on the other. Such a contract, on anew consideration between the parties, is not a contract, merely to pay the debt of another, it is a contract, on a sufficient consideration, unconnected with the liability of the bank, to pay the debt of Creel himself. And therefore, it may be binding, without being reduced to writing. Roberts on Frauds, 232-7; Williams vs. Leeper, III. Burrow, 1886; I. Sanders, 211, n. 2; Slingerland vs. Morse, et. al. VII. Johnson’s Rep’s. 463; Skelton vs. Brewster, VIII. Ib. 242; Harrison vs. Sawtel, X. Ib. 242; Gold, et al. vs. Philips, et. al. Ib. 412; Starkie, 596, and note.
“Where the promise is founded upon some new consideration, sufficient in law, to support it, and is not merely for the debt, &c. of another, such an undertaking, though in effect, it be to answer for another person, is considered as an original promise, and not within the statute; as where A promises B, to pay him a sum of money, in case he will withdraw his record, in an action of assault and battery, (against C.) I. Sanders, 211, a; Leonard vs. Vredenburgh, VIII. Johnson’s Rep’s. 23. In this case, there is a double consideration.
1st. The Bells agree not to draw out their deposit? but to let the bank use it.
Denny and Crittenden, for plaintiff; Cunningham and Harlan, for defendants.
2d. Creel owes the bank, and with its assent, protn^ ises to pay his own debt, to the creditor of the bank. If he ever made such a promise, therefore, it is not within the statute of frauds and perjuries. And we have already stated, that as the jury had a right to find such a promise, having done so, this court will not set aside the verdict, but treat the case, as if the fact of a promise, had not been controverted.
The testimony was objected to as incompetent, because the witnesses were the cashier and president* and some of the stockholders of the bank. They are not rendered incompetent by interest. If they have any interest in the event of this suit, that interest is on both sides, and is equipollent.
Wherefore, the judgment of the circuit court is affirmed.